JONATHAN RAPORE (S.B. #048515)
**RAPORE LAW, P.C.**
Wilshire Palisades Building
1299 Ocean Avenue, Suite 900
Santa Monica, California 90401-1000
Telephone: (310) 393-4000
Facsimile: (310) 394-4700
jrapore@gilchristrutter.com

W. MICHAEL GARNER (*pro hac vice*)
**W. MICHAEL GARNER, P.A.**
222 South 9th Street
Suite 2930
Minneapolis, MN 55402
Telephone: (612) 259-4801
wmgarner@franchisedealerlaw.com

Attorneys for Defendants and Third-Party Plaintiffs Pamela Osgood, IJL Will Do, Inc. Houston, IJL Will-Do, LLC, IJL WillDo Wisconsin, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IT'S JUST LUNCH INTERNATIONAL LLC, a Nevada limited liability company<br><br>Plaintiff,<br><br>v.<br><br>PAMELA OSGOOD, IJL WILL DO, INC. HOUSTON, IJL WILL-DO, LLC AND IJL WILL DO WISCONSIN, LLC,<br><br>Defendants,<br>_____<br>PAMELA OSGOOD, IJL WILL DO, INC. HOUSTON, IJL WILL-DO, LLC AND IJL WILL DO WISCONSIN, LLC,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>IT'S JUST LUNCH INTERNATIONAL LLC, a Nevada limited liability company,<br><br>Counterclaim Defendant. | ED CV 09-01032-DDD(OPx)<br><br><br><br>**STIPULATED PROTECTIVE ORDER** |

1

Pursuant to Federal Rule of Civil Procedure 26(c), the agreement of the parties, and the Court being fully advised as to the premises, IT IS ORDERED AND AGREED AS FOLLOWS:

1.  Any party may stamp, mark or otherwise designate any documents or information which are produced or to be produced by it in connection with this litigation as CONFIDENTIAL INFORMATION.

2.  CONFIDENTIAL INFORMATION, including information included therein, shall not be furnished, shown or disclosed to any person except:

   a) The Court in this action or the court in any appeals from this action;

   b) Court personnel including the Clerk of Court, court reporters, and other persons involved in recording deposition or trial testimony during the litigation of this action, or other Court personnel handling pleadings and evidence during the litigation of this action;

   c) Counsel of record;

   d) Associates, secretaries, paralegals and counsel's other administrative staff who are actively engaged in assisting counsel of record for the parties in this action;

   e) Any person subpoenaed or called as a witness at a deposition or hearing in this action;

   f) Expert witnesses (whether or not designated as trial witnesses) and their staff that are employed or retained by the parties or their counsel;

   g) The jury in this matter if the case is tried to a jury;

   h) Parties, including their corporate officers, agents and employees, who counsel in good faith believes have a need to know such information; and

i) Officers, employees, agents adjusters or claims representatives of any entity which has or might have an obligation to provide a defense, to provide indemnity, or provide insurance coverage to any party or related entity.

3. Should a party determine that certain CONFIDENTIAL INFORMATION constitutes or includes information of such sensitive or competitive nature as to require greater restrictions on access to and use of that information than provided in this order, such party may move to amend this Protective Order to provide greater restrictions than those contained herein.  The parties acknowledge that IJL's documents are proprietary and competition-sensitive, and therefore, by entering into this Stipulation, the Parties agree that no IJL documents provided or exchanged in this litigation may be released, copied, summarized, discussed, or transmitted in any manner to any other IJL franchisee, or competitor of any nature; or may any person subject to this Order reveal the contents of any such documents to any person or entity not subject to this Order."

4. Documents shall be designated as CONFIDENTIAL INFORMATION by conspicuously stamping or marking them as "CONFIDENTIAL AND/OR PROPRIETARY — Subject to Protective Order" or "Protected Material."  Non-documentary materials may be designated as CONFIDENTIAL INFORMATION by letter to counsel, by advice on the record at a deposition or during a hearing, by advising the court reporter of such fact or by any other reasonable means agreed to by the parties.  Pages of deposition transcripts may be designated as CONFIDENTIAL INFORMATION by counsel within the time permitted for a witness to sign and read the transcript.  Prior to the expiration of the time permitted for a witness to sign and read, the contents of deposition transcripts shall be deemed and treated as CONFIDENTIAL INFORMATION.

5. Documents that have been produced for inspection, but that have not yet been copied and processed for production will be treated as CONFIDENTIAL INFORMATION even though they have not yet been conspicuously stamped or marked. If such documents are subsequently requested and produced, and they contain CONFIDENTIAL INFORMATION, they shall be conspicuously stamped and marked as required by Paragraph 4 above.

6. The parties to this action have already produced CONFIDENTIAL INFORMATION to other parties subject to confidentiality agreements and the understanding that these previously produced documents and information would be subject to this Confidentiality Order when it issued. The terms of this Order apply to all of that previously produced CONFIDENTIAL INFORMATION no matter how it was marked or designated.

7. Any CONFIDENTIAL INFORMATION, or any document which quotes, paraphrases, compiles, or otherwise discloses CONFIDENTIAL INFORMATION, which is filed with the Court shall be sealed in an envelope which is clearly marked "Documents or Information Proposed to be Filed Under Seal" with reference to this Protective Order. Such envelopes shall be opened only upon further direction of this Court, or by individuals identified in paragraph 2 above.

8. During the time period that "Documents or Information Proposed to be Filed Under Seal" are temporarily under seal, and following the entry of an order allowing CONFIDENTIAL INFORMATION to be filed under seal, such documents or information shall not be made available to third parties or to the public except by further order of this Court or in accordance with the terms of this Order.

9. If CONFIDENTIAL INFORMATION is to be disclosed in testimony offered in evidence or used in any hearing in this action, prior to or simultaneously with the presentation of such testimony the proponent of the protected status shall move the Court to permit the testimony to be presented <u>in camera</u> or in a closed courtroom until such time as the Court orders otherwise.

10. "CONFIDENTIAL" material may only be disclosed by the receiving party to the Magistrate and/or Judge; to attorneys of record in this action and their staff; to directors, officers, and employees of the parties who are directly assisting in this action, provided that each person to whom the information is to be disclosed first shall be advised of and agree to the terms and conditions of this Order. Any person requested by counsel to furnish technical or other expert services or to give testimony or any deponents in this action shall be advised of and agree to the terms and conditions of this Order by signing the "Non-Disclosure Agreement" attached hereto as Exhibit "A" and counsel disclosing the "Confidential" information shall maintain a list of the name, title, and business address of each such person to whom the information is disclosed.

11. Except for documents or information filed with the Court, all CONFIDENTIAL INFORMATION shall be maintained at the offices of counsel of record unless removed from such offices under such counsel's direction or supervision.

12. Any party may contest the designation of documents or information as CONFIDENTIAL INFORMATION. Such a contest can only be initiated by providing written notice of the contest to counsel for the party that made the designation. Within ten days of the mailing of such a notice, the proponent of the protected status shall bring a motion for a protective order pursuant to the procedural rules for discovery motions. The proponent of the protected status for CONFIDENTIAL INFORMATION shall bear the

burden of showing that the CONFIDENTIAL INFORMATION constitutes trade secrets or confidential, proprietary or commercial information entitled to protection pursuant to the definition provided by Fed. R. Civ. Proc. 26(c)(7), or on some other reasonable basis.

13. Any disputes between the parties regarding the appropriateness of a designation of documents or information as CONFIDENTIAL INFORMATION pursuant to paragraphs 7 or 13 of this Order shall be submitted initially to a Magistrate Judge for resolution.

14. Inadvertent failure to designate any information as CONFIDENTIAL INFORMATION will not act as a waiver of a claim that the information is CONFIDENTIAL INFORMATION, nor will it estop any party from designating such information as CONFIDENTIAL INFORMATION at a later date. Disclosure of such information to individuals or entities beyond those identified in paragraph 2 above prior to such late designation will not constitute a violation of this Order. If a party discovers that it has inadvertently produced CONFIDENTIAL INFORMATION without conspicuously stamping or marking it as "CONFIDENTIAL AND/OR PROPRIETARY", that party will notify the other parties of this omission, and shall provide the other parties with properly stamped or marked substitute copies of the documents. The receiving parties agree to destroy all copies of the previously produced unstamped or unmarked documents and to use only the properly stamped documents that contain CONFIDENTIAL INFORMATION.

15. Inadvertent production of any document subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine will not waive any claim of privilege with respect to that document or information, with respect to the subject matter addressed in that document or information, or with respect to any other documents or information withheld on such grounds.

16. Nothing in this Protective Order shall prevent any party from objecting to discovery which is believed to be improper, or from seeking from the Court additional protection from the disclosure of trade secrets, proprietary commercial information, and other confidential information.

17. Upon final disposition of all claims and defenses in this action, whether by settlement or by other means, including any appeals:

    a) All CONFIDENTIAL INFORMATION, including all duplicate copies thereof which have been disseminated to any person under the terms of paragraphs 2 of this Order, shall be returned to counsel for the party that produced the CONFIDENTIAL INFORMATION within thirty (30) days of the final disposition of this case. Counsel for the party returning or destroying CONFIDENTIAL INFORMATION shall certify in writing that all requested CONFIDENTIAL INFORMATION, including all copies thereof, has been returned.

    b) Notwithstanding the provisions of paragraph 18(a) above, counsel for the parties shall not be required to return or destroy copies of pleadings, court filings, legal memoranda or opinion letters that may contain references to, information extracted from, or which has attachments which include, CONFIDENTIAL INFORMATION. Such pleadings, filings, memoranda and correspondence may be retained in the files of such counsel, but the confidentiality thereof shall be maintained in accordance with the terms of this Order.

18. Upon final disposition of all claims and defenses in this action, whether by settlement or by other means, including any appeals, the parties shall provide written notice to the clerk of court, or courts, who have in their possession sealed CONFIDENTIAL INFORMATION that a final disposition has occurred. Pursuant to this

Order, the clerk of the court, or courts, shall then return to counsel or destroy all sealed CONFIDENTIAL INFORMATION that is in their possession.

19. The terms and conditions of this Order shall continue to apply after the termination of this action.

20. This Order shall have no effect upon, and its scope shall not extend to any party's use of, their own CONFIDENTIAL INFORMATION.

21. With prior written notice to the other parties, any party may move for an amendment of this Order.

22. A person violating this Order may be held in contempt of court and be subject to the imposition of appropriate punishment therefore.

23. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original, and all of which shall constitute one document.

ENTERED this 3rd day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

JONATHAN RAPORE (S.B. #048515)
**RAPORE LAW, P.C.**
Wilshire Palisades Building
1299 Ocean Avenue, Suite 900
Santa Monica, California 90401-1000
Telephone: (310) 393-4000
Facsimile: (310) 394-4700
jrapore@gilchristrutter.com

W. MICHAEL GARNER (*pro hac vice*)
**W. MICHAEL GARNER, P.A.**
222 South 9th Street, Suite 2930
Minneapolis, MN 55402
Telephone: (612) 259-4801
wmgarner@franchisedealerlaw.com

Attorneys for Defendants and Third-Party Plaintiffs Pamela Osgood, IJL Will Do, Inc. Houston, IJL Will-Do, LLC, IJL WillDo Wisconsin, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IT'S JUST LUNCH INTERNATIONAL LLC, a Nevada limited liability company<br><br>Plaintiff,<br><br>v.<br><br>PAMELA OSGOOD, IJL WILL DO, INC. HOUSTON, IJL WILL-DO, LLC AND IJL WILL DO WISCONSIN, LLC,<br><br>Defendants,<br><br>PAMELA OSGOOD, IJL WILL DO, INC. HOUSTON, IJL WILL-DO, LLC AND IJL WILL DO WISCONSIN, LLC,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>IT'S JUST LUNCH INTERNATIONAL LLC, a Nevada limited liability company,<br><br>Counterclaim Defendant. | ED CV 09-01032-DDD(OPx)<br><br>**AGREEMENT CONCERING MATERIAL COVERED BY A STIPULATED PROTECTIVE ORDER** |

10

|     |     |
| --- | --- |
| 1   |     |
| 2   | The undersigned acknowledges that (s)he has read the stipulated Protective Order |
| 3   | entered in this action by the United States District Court for the Central District of |
| 4   | California, that (s)he understands its terms, and the (s)he agrees to be bound by that |
| 5   | Order. |

Signature: _____

Printed Name: _____

Company: _____

Date: _____